# EXHIBIT A

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Sarah R. Nayeem, Esquire
Identification No. 321748
547 E. Washington Avenue
Newtown, PA 18940
T: 215-550-6553
F: 215-550-6557

Attorneys for Plaintiff
Ryan Nalaschi

*Filed and Attested by the Office of Judicial Records 15 DEC 2020 05:14 pm A. SILIGRINI*

---

| | | |
|---|---|---|
| RYAN NALASCHI | : | COURT OF COMMON PLEAS |
| 69 E. Grove Street | : | PHILADELPHIA COUNTY |
| Edwardsville, PA 18704 | : | |
| *Plaintiff* | : | _____ TERM, 2020 |
| | : | |
| v. | : | NO. |
| | : | |
| SAMSUNG ELECTRONICS | : | |
| AMERICA, INC. | : | |
| 85 Challenger Road | : | |
| Ridgefield Park, NJ 07660 | : | |
| -and- | : | **JURY TRIAL DEMANDED** |
| JOHN DOES 1-20, FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | |
| | : | |

---

## NOTICE TO DEFEND

**NOTICE**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED

**AVISO**

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS

RATE OR NO FEE..

Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market Street #11
Philadelphia, Pennsylvania 19107
215 238 6300

QUE PUEDAN OFRECERLES SERVICIOS LEGALES A
PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN
HONORARIO REDUCIDO O GRATIS.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market Street #11
Philadelphia, Pennsylvania 19107
215 238 6300

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Sarah R. Nayeem, Esquire
Identification No. 321748
547 E. Washington Avenue
Newtown, PA 18940
T: 215-550-6553
F: 215-550-6557

Attorneys for Plaintiff,
Ryan Nalaschi

| | | |
|---|---|---|
| RYAN NALASCHI | : | COURT OF COMMON PLEAS |
| 69 E. Grove Street | : | PHILADELPHIA COUNTY |
| Edwardsville, PA 18704 | : | |
| *Plaintiff* | : | _____ TERM, 2020 |
| | : | |
| v. | : | NO. |
| | : | |
| SAMSUNG ELECTRONICS | : | |
| AMERICA, INC. | : | |
| 85 Challenger Road | : | |
| Ridgefield Park, NJ 07660 | : | |
| -and- | : | **JURY TRIAL DEMANDED** |
| JOHN DOES 1-20, FICTITIOUS | : | |
| DEFENDANT(S) | : | |
| *Defendants* | : | |
| | : | |

## CIVIL ACTION COMPLAINT

1.      Plaintiff, Ryan Nalaschi, is an adult individual and resident and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2.      Defendant, Samsung Electronics America, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of New York, with a corporate headquarters located at the above-captioned address.

3.      Defendants, John Does 1-20, are individuals, corporations, or entities whose identities are not yet known to Plaintiff, but who designed, manufactured, sold, supplied, repaired, serviced, modified, leased, maintained, and/or distributed the subject cellular telephone involved in Plaintiff's accident.

4.      Venue is proper in Philadelphia County because one or more of the Defendants regularly and continuously conducts business in Philadelphia County.

5.      At all times relevant hereto, the Defendants, and each of them, acted by and through their respective agents, servants, employees, workmen, and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency, and/or service for the same.

6.      At all times relevant hereto, the Defendants, by and through their respective agents, servants, employees, workmen, and/or other representatives, were regularly engaged in the business of designing and manufacturing mobile telephones for private use, including designing, distributing, assembling, marketing, manufacturing, maintaining, providing instructions manuals and warnings for, and/or selling mobile telephones, and any component parts thereto, including the subject mobile telephone, a Samsung Galaxy J7 Refine mobile telephone, Model No. SM-J737P, and all the component parts thereto.

7.      At all times relevant hereto, the Defendants designed, distributed, assembled, marketed, manufactured, maintained, repaired, serviced, and/or sold the subject mobile telephone, and the component parts thereto, and all instruction manuals and associated warnings.

8.      On or about August 19, 2019, Plaintiff, Ryan Nalaschi, was operating the aforesaid mobile telephone when, while speaking on the mobile telephone and while holding it up to his ear to do so, suddenly and without warning, the mobile phone combusted, thereby causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth hereinafter.

**COUNT I**
**RYAN NALASCHI v. SAMSUNG ELECTRONICS AMERICA, INC.**
**PRODUCTS LIABILITY – STRICT LIABILITY**

9.      Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) of the within Complaint as though the same were fully set forth at length herein.

10.     Defendant, Samsung Electronics America, Inc., placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

11.     Defendant, Samsung Electronics America, Inc., designed, distributed, assembled, marketed, manufactured, maintained, repaired, serviced, and/or sold the aforementioned mobile telephone and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

12.     The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid mobile telephone and its component parts, including, but not limited to:

> (a) designing/manufacturing/distributing and/or selling the subject mobile telephone and its component parts in a dangerous condition so as to cause injury to the Plaintiff;
>
> (b) failing to design and/or manufacture the subject product with durable component parts able to withstand normal use;
>
> (c) failing to design and/or manufacture the subject mobile telephone and its component parts to include an effective and durable temperature regulation system to prevent combustion of the device;
>
> (d) failing to properly equip the subject mobile telephone and its component parts with an appropriate safety mechanism to prevent combustion of the device;

(e) failing to ensure that the subject product and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(f) failing to use industry-recognized safety specifications in the design of the mobile telephone;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to warn purchasers and end users of the dangers of the aforesaid product;

(i) failing to properly design the subject mobile telephone and its component parts to warn users when the product is overheating; and

(j) any other acts or omissions that may be revealed during discovery.

13.    The accident described herein was due in no manner to negligence on the part of the Plaintiff.

14.    At all times relevant hereto, Defendant's aforesaid mobile telephone and its component parts were defective and unsafe for consumer use.

15.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid mobile telephone and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

16.    The Defendant distributed and sold the aforesaid mobile telephone and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

17.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

18.     In addition, Defendant designed, manufactured, distributed, and sold the subject mobile telephone with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

19.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid mobile telephone and its component parts, such as Plaintiff.

20.     The defective warnings and instructions caused Plaintiff's injuries.

21.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi suffered severe and permanent injuries, including but not limited to, a laceration on the right ear requiring stitches, headaches, tinnitus, deafness, and further unspecified right ear damage, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

22.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

23.     As a further result of the aforesaid conduct of Defendant, Plaintiff, Ryan Nalaschi, has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

24.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

25.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

26.     As a further result of the accident described herein, Plaintiff Ryan Nalaschi has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

27.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

28.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Ryan Nalaschi, demands judgment in his favor and against Defendant Samsung Electronics America, Inc., in an amount in excess of $50,000.00.

## COUNT II
## RYAN NALASCHI v. SAMSUNG ELECTRONICS AMERICA, INC.
## PRODUCTS LIABILITY - NEGLIGENCE

29.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of the within Complaint as though the same were fully set forth at length herein.

30.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid product, and to sell/distribute that product in a reasonably safe condition.

31.   The Defendant was negligent in designing, manufacturing, assembling, marketing, and distributing the defectively designed and manufactured product, in general, and in particular consisted of the following:

(a) carelessly and negligently designing/manufacturing/distributing and/or selling the subject mobile telephone and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to design and/or manufacture the subject product with durable component parts able to withstand normal use;

(c) carelessly and negligently failing to recognize the inherent possibility that the subject mobile telephone could malfunction;

(d) carelessly and negligently failing to design and/or manufacture the subject mobile telephone and its component parts to include an effective and durable temperature regulation system to prevent combustion of the device;

(e) carelessly and negligently failing to properly equip the subject mobile telephone and its component parts with an appropriate safety mechanism to prevent combustion of the device;

(f) failing to ensure that the subject product and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(g) failing to use industry-recognized safety specifications in the design of the mobile telephone;

(h) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(i) failing to warn purchasers and end users of the dangers of the aforesaid product;

(j) failing to properly design the subject mobile telephone and its component parts to warn users when the product is overheating; and

(k) any other acts or omissions that may be revealed during discovery.

32.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

33.     As a result of the aforementioned negligence of the Defendant, Plaintiff Ryan Nalaschi suffered severe and permanent injuries, including but not limited to, a laceration on the right ear requiring stitches, headaches, tinnitus, deafness, and further unspecified right ear damage, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

34.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

35.     As a further result of the aforesaid conduct of Defendant, Plaintiff, Ryan Nalaschi, has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

36.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

37.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

38.     As a further result of the accident described herein, Plaintiff Ryan Nalaschi has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily

function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

39.    As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

40.    As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

41.    WHEREFORE, Plaintiff, Ryan Nalaschi, demands judgment in his favor and against Defendant Samsung Electronics America, Inc., in an amount in excess of $50,000.00.

### COUNT III
### RYAN NALASCHI v. SAMSUNG ELECTRONICS AMERICA, INC.
### <u>BREACH OF WARRANTY</u>

42.    Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of the within Complaint as though the same were fully set forth at length herein.

43.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject mobile phone was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

44.    As a result of the aforementioned breach, Plaintiff Ryan Nalaschi suffered severe and permanent injuries, including but not limited to, a laceration on the right ear requiring stitches, headaches, tinnitus, deafness, and further unspecified right ear damage, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

45.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

46.     As a further result of the aforesaid conduct of Defendant, Plaintiff, Ryan Nalaschi, has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

47.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

48.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

49.     As a further result of the accident described herein, Plaintiff Ryan Nalaschi has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

50.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

51.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Ryan Nalaschi, demands judgment in his favor and against Defendant Samsung Electronics America, Inc., in an amount in excess of $50,000.00.

## COUNT IV
## RYAN NALASCHI v. JOHN DOES 1-20, FICTITIOUS DEFENDANT(S)
## PRODUCTS LIABILITY – STRICT LIABILITY

52.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-one (51) of the within Complaint as though the same were fully set forth at length herein.

53.     Defendant, John Does 1-20, placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

54.     Defendant, John Does 1-20, designed, distributed, assembled, marketed, manufactured, maintained, repaired, serviced, and/or sold the aforementioned mobile telephone and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

55.     The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid mobile telephone and its component parts, including, but not limited to:

(a) designing/manufacturing/distributing and/or selling the subject mobile telephone and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) failing to design and/or manufacture the subject product with durable component parts able to withstand normal use;

(c) failing to design and/or manufacture the subject mobile telephone and its component parts to include an effective and durable temperature regulation system to prevent combustion of the device;

(d) failing to properly equip the subject mobile telephone and its component parts with an appropriate safety mechanism to prevent combustion of the device;

(e) failing to ensure that the subject product and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(f) failing to use industry-recognized safety specifications in the design of the mobile telephone;

(g) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h) failing to warn purchasers and end users of the dangers of the aforesaid product;

(i) failing to properly design the subject mobile telephone and its component parts to warn users when the product is overheating; and

(j) any other acts or omissions that may be revealed during discovery.

56.     The accident described herein was due in no manner to negligence on the part of the Plaintiff.

57.     At all times relevant hereto, Defendant's aforesaid mobile telephone and its component parts were defective and unsafe for consumer use.

Case ID: 201200813

58.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid mobile telephone and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

59.     The Defendant distributed and sold the aforesaid mobile telephone and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

60.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

61.     In addition, Defendant designed, manufactured, distributed, and sold the subject mobile telephone with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

62.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous, and failed to convey the risk of harm to the intended users of the aforesaid mobile telephone and its component parts, such as Plaintiff.

63.     The defective warnings and instructions caused Plaintiff's injuries.

64.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi suffered severe and permanent injuries, including but not limited to, a laceration on the right ear requiring stitches, headaches, tinnitus, deafness, and further unspecified right ear damage, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

65.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi has in the past and will in the future undergo severe pain and suffering as a result of which he has been

in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

66.     As a further result of the aforesaid conduct of Defendant, Plaintiff, Ryan Nalaschi, has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

67.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

68.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

69.     As a further result of the accident described herein, Plaintiff Ryan Nalaschi has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

70.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

71.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Ryan Nalaschi, demands judgment in his favor and against Defendant, John Does 1-20, Fictitious Defendant(s), in an amount in excess of $50,000.00, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT V**
**RYAN NALASCHI v. JOHN DOES 1-20, FICTITIOUS DEFENDANT(S)**
**PRODUCTS LIABILITY - NEGLIGENCE**

72.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of the within Complaint as though the same were fully set forth at length herein.

73.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid product, and to sell/distribute that product in a reasonably safe condition.

74.     The Defendant was negligent in designing, manufacturing, assembling, marketing, and distributing the defectively designed and manufactured product, in general, and in particular consisted of the following:

(a) carelessly and negligently designing/manufacturing/distributing and/or selling the subject mobile telephone and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to design and/or manufacture the subject product with durable component parts able to withstand normal use;

(c) carelessly and negligently failing to recognize the inherent possibility that the subject mobile telephone could malfunction;

(d) carelessly and negligently failing to design and/or manufacture the subject mobile telephone and its component parts to include an effective and durable temperature regulation system to prevent combustion of the device;

(e) carelessly and negligently failing to properly equip the subject mobile telephone and its component parts with an appropriate safety mechanism to prevent combustion of the device;

(f)  failing to ensure that the subject product and its component parts could be used in a manner which would not cause a danger to end users, such as the Plaintiff;

(g)  failing to use industry-recognized safety specifications in the design of the mobile telephone;

(h)  carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(i)  failing to warn purchasers and end users of the dangers of the aforesaid product;

(j)  failing to properly design the subject mobile telephone and its component parts to warn users when the product is overheating; and

(k)  any other acts or omissions that may be revealed during discovery.

75.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

76.     As a result of the aforementioned negligence of the Defendant, Plaintiff Ryan Nalaschi suffered severe and permanent injuries, including but not limited to, a laceration on the right ear requiring stitches, headaches, tinnitus, deafness, and further unspecified right ear damage, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

77.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

78.     As a further result of the aforesaid conduct of Defendant, Plaintiff, Ryan Nalaschi, has been and will be obliged to receive and undergo medical attention and care and to

expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

79.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

80.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

81.     As a further result of the accident described herein, Plaintiff Ryan Nalaschi has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

82.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

83.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

84.     WHEREFORE, Plaintiff, Ryan Nalaschi, demands judgment in his favor and against Defendant John Does 1-20, Fictitious Defendant(s), in an amount in excess of $50,000.00.

**COUNT VI**
**RYAN NALASCHI v. JOHN DOES 1-20, FICTITIOUS DEFENDANT(S)**
**<u>BREACH OF WARRANTY</u>**

85.     Plaintiff hereby incorporates paragraphs one (1) through forty-one (41) of the within Complaint as though the same were fully set forth at length herein.

86.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject mobile phone was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

87.     As a result of the aforementioned breach, Plaintiff Ryan Nalaschi suffered severe and permanent injuries, including but not limited to, a laceration on the right ear requiring stitches, headaches, tinnitus, deafness, and further unspecified right ear damage, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

88.     As a result of the aforesaid conduct of Defendant, Plaintiff Ryan Nalaschi has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

89.     As a further result of the aforesaid conduct of Defendant, Plaintiff, Ryan Nalaschi, has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

90.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

91.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

92.     As a further result of the accident described herein, Plaintiff Ryan Nalaschi has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

93.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

94.     As a further result of the aforesaid accident, Plaintiff Ryan Nalaschi has suffered great and unremitting physical pain, suffering, and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Ryan Nalaschi, demands judgment in his favor and against Defendants John Does 1-20, Fictitious Defendant(s), in an amount in excess of $50,000.00.


Respectfully,

**SWARTZ CULLETON PC**

By:     /s/ Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Sarah R. Nayeem, Esquire
        *Attorneys for Plaintiff*,
Date:  December 15, 2020          Ryan Nalaschi

**VERIFICATION**

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.   The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____